ARNITHA HILL TIANA Fields, Anthony Granderson
5545 SKY PARKWAY #203 BREJONA Granders,
SACRAMENTO, CA 95823 MonTREAL unique
(916) 640-7638        Fields, MARlo, Hill

FILED

SEP 16 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
              DEPUTY CLERK

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF CALIFORNIA

ARNITHA HILL ,TIANA FIELDS
ANTHONY GRANDERSON,
BREJONNA GRANDERSON, MONTREAL
GRANDERSON
UNIQUE FIELDS, MARLO HILL.
    Plaintiffs,
    vs.
CITY OF SACRAMENTO, SGT. Robert

HAMM #3018, OFFICER DELGADO

#358, OFFICER Brett MELLOCH #602,

Officer Derek Calabrese (1005), Officer Erick

Nedeljkovic, Officer Joseph Swaleh (900),

    Defendant(s)

Case
2:22 CV 1625 - DAD AC PS
COMPLAINT FOR DAMAGES

**COMPLAINT FOR VIOLATIONS OF
CIVIL RIGHTS, STATE LAW, AND
ENTITY LIABILITY**

**JURY TRIAL DEMANDED
SEEKING $30 MILLION IN TRIAL**

## I. JURISDICTION

1.  This Complaint seeks damages pursuant to Title 42 U.S.C. section 1983 , 42 U.S.C Section 12132 and 28 C.F.R. Section 35.152(b)(1) and Cal Civ Code §52.1(B), Civil Code - CIV § 51 for the violation of plaintiff's civil rights and violation of California State Law. Jurisdiction is founded upon Title 28 U.S.C. Section 1331

1

and 1343. This Court has supplemental jurisdiction over the alleged state law claims pursuant to 28 U.S.C. Section 1367.

## II.   Venue

2. Plaintiff's Claim, alleged herein, arose in the City and County of Sacramento, California. Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. Section 1391(b)(2)

## III.   INTRODUCTION

3. This action results from the unlawful detainment, unreasonable seizure of property, discrimination of disabled individuals and black people and false imprisonment of the plaintiffs for no reasonable articulated purposes. From the actions displayed by the defendants, it is apparent they do not have a firm nor concise understanding of the constitution

## IV.   PARTIES

4. During all times mentioned in this complaint, Plaintiffs ARNITHA HILL, TIANA FIELDS, ANTHONY GRANDERSON BREJONNA GRANDERSON, UNIQUE FIELDS MARLO HILL, MONTREAL GRANDERSON were, and are United States Citizen.

5. Parties Arnitha Hill, and Tiana Fields, are classified as disabled, being Arnitha Hill has multiple leg and knee disabilities, that require accommodations and the use of a walker and brace sometime, furthermore, Tiana Fields suffers from multiple sclerosis(MS), that requires a walking cane and standing appliances.

6. Defendant City of Sacramento is, and at all herein mentioned was a municipal corporation, duly organized under the laws of the State of California and situated in the City and County of Sacramento. They are a political subdivision of the State of California, created and existing by virtue of the laws of the State of California

2

7. Defendant City of Sacramento operates and manages the City of Sacramento Police Department, and is, and was at all times mentioned herein, responsible for the actions or inactions and the policies, procedures and practices/ customs relating to the City of Sacramento Police Department Officers, and or employees/ agents/ and Officers named herein

8. Defendant Hamm was at all times Mentioned herein, a Sergeant with the City of Sacramento Police Department, and employed by the City of Sacramento and acting in those capacities. As Sergeant Hamm was responsible for the Sacramento City Police Officers on the scene. Defendant Hamm is being sued in his official and individual capacities

9. Defendant(s), Delgado, Melloch, Calabrese, Nedeljkovic, Swaleh who at all times herein mentioned was an employee of defendant City of Sacramento Police Department as an Officer, and in doing the acts hereinafter described, acted within the course and scope of his/ her employment, and are being sued in his/her official and individual capacities

10. Defendant(s), Hamm, Delgado, Melloch, Calabrese, Nedeljkovic, Swaleh , each of them to the extent they engaged in any acts or omission alleged herein engaged in such act and or omission under the Color of State law.

## V. EXHAUSTION OF PRE- LAWSUIT PROCEDURES

11. Delivered a claim on March 21st, 2022, to the city of Sacramento, by request of the plaintiffs, the city sent a rejection of the claim on March 28th, 2022

3

## VI. FACTUAL ALLEGATIONS

12. On October 6th, 2021, after the funeral of a family member, the plaintiffs ,went to the Meadowview area of Sacramento, to continue the memorial of the deceased family member. Around 930pm, some unknow individuals shot at the gathering of the plaintiffs. Allegedly two members of the gathering returned fire on the unknown individuals firing at the plaintiffs.

13. The gang unit of the Sacramento Police Department was already in route to this gathering due to gang members being there from ankle GPS MONITORS.

14. Upon arrival to the house in Meadowview, the defendants, used force and intimidation and made all the plaintiffs and party goers exit the home.

15. All the plaintiffs were forced out the house; the defendants detained all the plaintiffs for over an hour and refused to let the plaintiff back in the house. Plaintiff Montreal Grander son, was racially profiled and handcuffed because he was black wearing a white shirt as to say he fit the description of Bradley Johnson; yet Montreal is dark skinned, and Bradley Johnson white light skinned, but since Montreal was black with a white shirt and long hair he was detained in direct violation of <u>United States v. Montero-Camargo, 208 F.3d 1134 (9th Cir.2000) Reasonable suspicion may not be "based on broad profiles which cast suspicion on entire categories of people without any individualized suspicion of the particular person to be stopped." Id. at 1492;</u>

16. The defendants illegally seized the entire home without a warrant, the defendants in their report, allege they seen one of the individuals; whom they seen throw a gun run into the home, yet under the United States Supreme Court, and Ninth Circuit the defendants are well within their rights to chase the suspect into the

4

      home; that they see commit the crimes, yet they cannot seize the entire home and force people out without a warrant from a judicial court or judge, which they lacked. Even though the defendants seized the home, they never went in it, they sat in front of the door and used intimidation towards the plaintiffs to not enter.

17. The defendants would not let the plaintiffs back into the home, they forced them to stand outside, and refused to let the disabled plaintiff to sit down, nor go back into the house to retrieve their disability appliances, in a form of complete discrimination to qualified disabled people. These disabled individuals were denied full and equal accommodations, and services due to their lower extremity and disease disabilities.

18. Plaintiff Arnitha Hill asked multiple times to the defendants if she could sit down are go to her vehicle due to her left disabilities and was meet with disapproval.

19. The defendants arrested Bradley Johnson and Fitzgerald Davis for the crimes, and yet still refused to let the plaintiffs back into their home, Plaintiff Anthony Granderson, had to beg and bargain with the defendants to let them back into their home even after the defendants already had the people in custody, they seen commit the crimes

20. Furthermore, the Plaintiffs had to watch in dismay and horror as the defendants, had their family member Eric Alston illegally imprisoned in a patrol vehicle, as he was suffering from hand damage from the defendant's false imprisonment of him. Eric Alston was detained because Defendant Delgado retaliated against Eric Alston, for not letting him know he was on probation which is not a crime. Defendants had a special relationship with Eric Alston due to their detaining him and Eric Alston not having the ability to go and seek immediate medical or doctor care for over an hour and a half due to his liberties being restricted by the defendant's false imprisonment. **they only had black men arrested and detained in patrol vehicles, and they all had distinctive characteristics, and body**

**features. So, it clears the defendants intended to discriminate against black males and the other black men due to their race, and gender because the only similarity between all of them, was our race and gender.**

21. Eventually after over an hour the plaintiffs were allowed to go back in the residence from being falsely imprisoned.
22. As a direct and proximate result of said acts and/or omissions by the defendants, plaintiffs suffered emotional distress and said acts were a proximate cause of damages and injuries as alleged herein.
23. The City of Sacramento has a custom and practice of unfairly targeting black people with false imprisonment, discriminatory practices, and unreasonable force. The Plaintiffs were denied full and equal accommodations, and service due to their skin color and race.

## VII.   CLAIMS FOR RELIEF

**FIRST CAUSE OF ACTION**
**UNREASONABLE SEIZURE OF PROPERTY**
**(VIOLATION OF THE 4TH AMENDMENT TO THE U.S. CONSTITUTION: ACTIONABLE UNDER 42 U.S.C 1983)**
(AGAINST DEFENDANTS, HAMM, DELGADO, MELLOCH, CALABRESE, NEDELJKOVIC, SWALEH)

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23, as though fully set forth herein.
25. Defendants used force and intimidation to unreasonable seize an entire home, without any type of warrant from a Judicial court or judge. Defendants are well within their rights to pursue a fleeing suspect, even though they didn't enter the home at all, but they cannot seize the entire home as they did here.

26. As a direct and proximate result of said acts and/or omissions by the defendants, plaintiffs suffered emotional distress and said acts were a proximate cause of damages and injuries as alleged herein.

27. The aforementioned acts and or omissions of said defendants were malicious, reckless, and or accomplished with conscious disregard of my rights, thereby entitling to an award of exemplary and punitive damages according to proof.

**SECOND CAUSE OF ACTION**
**UNREASONABLE SEIZURE/ FALSE ARREST/IMPRISONMENT**
**(VIOLATION OF THE 4TH AMENDMENT TO THE U.S. CONSTITUTION:**
**ACTIONABLE UNDER 42 U.S.C 1983)**
(AGAINST DEFENDANTS, CITY OF SACRAMENTO, HAMM, DELGADO, MELLOCH, CALABRESE, NEDELJKOVIC, SWALEH)

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27, as though fully set forth herein.

29. The defendants never gave any of the plaintiffs reasonable suspicion of them committing a crime for their illegal detainment and kept them detained and imprisoned for over an hour for no reason. Plaintiffs were imprisoned and not able to move freely, while having their liberties restricted, and denied access to their home.

30. As a direct and proximate result of said acts and/or omissions by the defendants, plaintiffs suffered emotional distress and said acts were a proximate cause of damages and injuries as alleged herein.

7

31. The aforementioned acts and or omissions of said defendants were malicious, reckless, and or accomplished with conscious disregard of my rights, thereby entitling to an award of exemplary and punitive damages according to proof.

### THIRD CAUSE OF ACTION

### VIOLATION OF EQUAL PROTECTION CLAUSE
### (42 U.S.C SECTION 1983- DISCRIMINATION BASED ON RACE AND GENDER)
*(AGAINST DEFENDANTS CITY OF SACRAMENTO, HAMM, DELGADO, MELLOCH, CALABRESE, NEDELJKOVIC, SWALEH)*

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31, as though fully set forth herein.

33. Defendants intentionally discriminated against black males, arresting, and detaining them simply because they were black males with no real similarities amongst them other than race, and gender. the defendants did not detain and put handcuffs on any black females at the scene only males. These males were denied equal protection of the law by the defendants. Furthermore, the defendants racially profiled and discriminated against all the defendants by participating in the Sacramento Police Departments practice of falsely detaining and imprisoning black people in general with no reasonable suspicion of a crime. All the plaintiffs were profiled, their Fourteenth and Fourth Amendments were violated by the defendant.

34. As a direct and proximate result of said acts and/or omissions by the defendants, plaintiffs suffered emotional distress and said acts were a proximate cause of my damages and injuries as alleged herein.

### FOURTH CAUSE OF ACTION
### ENTITY LIABILITY/ UNCONSTITUTIONAL PRACTICES
### (MONELL CLAIM: ACTIONABLE UNDER 42 U.S.C SECTION 1983)

8

(AGAINST DEFENDANT CITY OF SACRAMENTO)

35. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34, as though fully set forth herein.

36. The aforementioned acts of the CITY OF SACRAMENTO, including its unfairly targeting black people with false imprisonment, discriminatory practices, such only handcuffing and putting black males in the back of patrol cars with no reasonable suspicion of a crime, and detaining large groups of black people without any suspicion of a crime. claims related to Fourteenth, and Fourth Amendment violations and permitting the conduct alleged herein, constitutes, in addition to ratification, a de facto policy, custom and/or practice

37. As a direct and proximate result of these aforementioned policies, customs, practices and/or procedures of the said defendants;' plaintiffs suffered injuries and damaged as alleged herein.

### FIFTH CAUSE OF ACTION
### AMERICANS WITH DISABILITIES ACT (ADA)
(AGAINST DEFENDANT CITY OF SACRAMENTO)

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37, as though fully set forth herein.

39. These violations of the American with Disabilities Act are cause in fact of plaintiff's injuries.

40. Plaintiffs missed out on simple enjoyment to participate in service provided by the public entity, such and being able to walk freely and pain free and sit and or get their disability equipment from the home, due to the leg, foot and knee disabilities.

41. The plaintiffs were denied full and equal access to services while being imprisoned

due to disability and were discriminated against by the defendants.

42. As a direct and proximate result of said acts and/or omissions by the defendants, plaintiffs suffered emotional distress and said acts were a proximate cause of my damages and injuries as alleged herein.

43. These violations of the Americans with Disabilities Act give rise to a cause of action pursuant to 42 U.S.C. Section 12132 and 28 C.F.R. Section 35.152(b)(1).

### SIXTH CAUSE OF ACTION
### VIOLATION OF UNRUH ACT; CIVIL CODE SECTIONS 51 AND 52- CALIFORNIA STATE LAW
(AGAINST DEFENDANTS CITY OF SACRAMENTO, HAMM, DELGADO, MELLOCH, CALABRESE, NEDELJKOVIC, SWALEH)

44. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43, as though fully set forth herein.

45. Under ALMA M v. WILLIAM NULICK 1:15-cv-01386-JAM-SAB, The Eastern District of California says you can sue Law enforcement under the Unruh Act.

46. The actions of the defendants, as alleged herein including, limiting services of the plaintiffs to move freely and be free from racial discrimination, the defendants "denied full and equal accommodations, advantages, facilities, privileges and/or services to Plaintiffs" because of " Disabilities, sex, race, ancestry, and/or national origin. The defendants are members of an establishment, that discriminated against the plaintiffs based on their sex, race, disability in a way that denied them equal accommodations and service. Defendant City of Sacramento is liable pursuant to Govt. Code §815.2

10

47. As a direct and proximate result of said acts and/or omissions by the defendants, plaintiffs suffered emotional distress and said acts were a proximate cause of my damages and injuries as alleged herein.

### SEVENTH CAUSE OF ACTION
### UNREASONABLE SEIZURE/ PROPERTY/ ILLEGAL DETAINMENT
### (VIOLATION OF THE U.S CONSTITUTION, CAL. CONSTITUTION ART. §§ 1, 7, 13 AND CAL. CIV CODE §43: ACTIONABLE UNDER THE CAL. CIVIL CODE § 52.1(B)/BANE ACT)
*(AGAINST DEFENDANTS CITY OF SACRAMENTO, DELGADO, HAMM, MELLOCH, CALABRESE, NEDELJKOVIC, SWALEH)*

48. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47, as though fully set forth herein.

49. The actions of the defendants, as alleged herein, interfered with the exercise and enjoyment of plaintiffs U.S. Constitution civil rights, and civil rights as guaranteed by Articles I §§ 1, 7 and 13 of the California Constitution. Specifically, the defendants acted with intent to, seize the home, imprison the plaintiffs, discriminate against them due to race and disabilities, and inflict horror and dismay to watch Eric Alston Suffer due to hand and wrist pain while falsely imprisoned. Defendant City of Sacramento is liable pursuant to Govt. Code §815.2

50. As a direct and proximate result of said acts and/or omissions by the defendants, plaintiffs suffered emotional distress and said acts were a proximate cause of my damages and injuries as alleged herein

### EIGHTH CAUSE OF ACTION
### FALSE IMPRISONMENT- CAL STATE LAW
*(AGAINST DEFENDANTS CITY OF SACRAMENTO, HAMM, DELGADO, MELLOCH, CALABRESE, NEDELJKOVIC, SWALEH)*

51. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 50, as though fully set forth herein.

11

52. '[T]he tort [of false imprisonment] consists of the "'nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short.'""" (Scofield v. Critical Air Medicine, Inc, 45 Cal.App.4th at p. 1001, (1996) citations omitted.)

53. The defendants never gave any of the plaintiffs reasonable suspicion of them committing a crime for their illegal detainment and kept them detained and imprisoned for over an hour for no reason. Plaintiffs were imprisoned and not able to move freely, while having their liberties restricted, and denied access to their home. Defendant City of Sacramento is liable pursuant to Govt. Code §815.2

54. As a direct and proximate result of said acts and/or omissions by the defendants, plaintiffs suffered emotional distress and said acts were a proximate cause of my damages and injuries as alleged herein

## NINTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS- CAL STATE LAW
*(AGAINST DEFENDANTS CITY OF SACRAMENTO, HAMM, DELGADO, MELLOCH,* CALABRESE, NEDELJKOVIC, SWALEH*)*

55. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54, as though fully set forth herein.

56. Eric Alston was a Prisoner pursuant to see Teter v. City of Newport Beach (2003) 30 Cal. 4th 446,455) Thus, Giraldo v. California Department of Corrections and Rehabilitation, 168 Cal.App 4th 231 (2008) "Courts held there is a special relationship between jailer and prisoner which imposed a duty on prison officials to protect prisoners from foreseeable harm",

57. The defendants engaged in Negligent conduct, of not seeking medical attention for Eric Alston, and the Plaintiffs had to witness their close relative suffering even

12

after Eric Alston told the defendants multiple times he needed medical attention, Eric Alston subsequently would be taken to a hospital were emergency doctors had to stabilize his hand with a splint due to the defendants conduct of refusing to seek medical attention promptly, Defendants were obligated due to their special relationship with Eric Alston, the defendants conduct was the cause of serious emotional distress for the plaintiffs. Defendant City of Sacramento is liable pursuant to Govt. Code §815.2

58. In the absence of physical injury or impact to the plaintiff himself, damages for emotional distress should be recoverable only if the plaintiff: (1) is closely related to the injury victim, (2) is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim and, (3) as a result suffers emotional distress beyond that which would be anticipated in a disinterested witness." (Thing v. La Chusa (1989) 48 Cal.3d 644,647 [257 Cal.Rptr. 865, 771 P.2d 81

59. As a direct and proximate result of said acts and/or omissions by the defendants, plaintiffs suffered emotional distress and said acts were a proximate cause of my damages and injuries as alleged herein

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for the following relief:

1. For compensatory, general, nominal, and special damages against Defendant(s), jointly and severally, in the amount proven at trial; Will ask Jury for $ 30 million at trial

2. For punitive and exemplary damages against each named Defendant(s) other than governmental entities, in an amount appropriate to punish defendant(s) and deter others from engaging in similar misconduct

Dated: September 16th, 2022

*Arnitha Hill*
**ARNITHA HILL**
**5545 SKY PARKWAY #203**
**SACRAMENTO, CA 95823**
**(916) 640-7638**

14