UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNITHA HILL, et al., | No. 2:22-cv-01625 DAD AC (PS) |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CITY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff Arnitha Hill is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Although the complaint names several other individuals as plaintiffs (Diana Fields, Anthony Ganderson, Brejonna Ganderson, Montreal Ganderson, Unique Fields, and Marlo Hill), only Arnitha Hill has signed the complaint. ECF No. 1 at 14. Accordingly, she is the only plaintiff to have appeared. Defendant City of Sacramento, the only defendant to have appeared,[1] moves to dismiss the case. ECF No. 5. Plaintiff opposed the motion (ECF No. 8) and defendants replied (ECF No. 12). The matter came before the court for hearing on December 7, 2022 with all parties present.

////

---

[1] The remaining defendants have not been served. See ECF No. 4. Plaintiff is informed that service of the summons and complaint on the City is effective only as to the City, and the individual defendants must be individually served with any amended complaint. See, generally, Rule 4, Fed. R. Civ. P.

1

# I. Background

## A. Allegations of the Complaint

On October 6, 2021, after the funeral of a family member, the individuals listed as plaintiffs gathered at a home in the Meadowview area of Sacramento. ECF No. 1 at 4. Around 9:30 p.m., unknown individuals shot at the gathering and two members of the gathering "[a]llegedly" returned fire. Id. The gang unit of the Sacramento Police Department responded because the gang members involved had GPS ankle monitors. Id. Upon arrival at the house, police "used force and intimidation and made all the plaintiffs and partygoers exit the home." Id. Plaintiff was forced out of the house and "detained" for over an hour. Id.

Montreal Ganderson was racially profiled and handcuffed and was told he fit the description of Bradley Johnson, even though Montreal Ganderson is dark skinned and Johnson is "white light skinned." Id. Plaintiff Hill is disabled; she asked officers multiple times if she could sit down or go to her vehicle because of her disabilities, and was met "with disapproval." Id. at 5. Even after Bradley Johnson and Fitzgerald Davis were arrested for the crimes, Anthony Ganderson had to beg to get back into the house. Id. Plaintiff had to "watch in dismay and horror" as defendants illegally imprisoned her family member Eric Alston in a patrol vehicle. Id. Plaintiffs were allowed back into the residence after more than an hour had passed. Id. at 6.

The complaint presents nine causes of action identified as follows: (1) unreasonable seizure of property in violation of the 4th Amendment; (2) unreasonable seizure/false arrest/imprisonment in violation of the 4th Amendment; (3) 42 U.S.C. § 1983 Violation of Equal Protection Clause; (4) § 1983 Monell Claim; (5) Americans with Disabilities Act; (6) California Unruh Act; (7) Bane Act; (8) California State Law False Imprisonment; and (9) Negligent Infliction of Emotional Distress. ECF No. 1 at 6-12.

## B. Motion to Dismiss

The City moves to dismiss the complaint in its entirety, without leave to amend. ECF Nos. 5, 12. The motion presents several grounds for dismissal. First, defendant argues the complaint violates Fed. R. Civ. P. Rule 11 because it is signed by only one plaintiff. ECF No. 5-1 at 4. Second, defendant moves to dismiss the Fourth Amendment claims under Fed. R. Civ. P.

12(b)(1) because plaintiff lacks standing. Id. at 5. Third, defendant argues that plaintiff fails to state a claim for the remaining causes of action. Id. at 6-10.

In response, plaintiff acknowledges the Rule 11 violation but seeks leave to amend. ECF No. 8 at 3. Plaintiff disputes the remainder of the motion to dismiss. Id. at 3-10.

## II. Analysis

### A. Legal Standards Governing Motions to Dismiss

#### 1. Standards Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).

#### 2. Standards Under Rule 12(b)(6)

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id.

3

1   (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed.
2   2004)).  Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a
3   claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
4   Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
5   content that allows the court to draw the reasonable inference that the defendant is liable for the
6   misconduct alleged."  Id.

7   In reviewing a complaint under this standard, the court "must accept as true all of the
8   factual allegations contained in the complaint," construe those allegations in the light most
9   favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  See Erickson v. Pardus,
10  551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954,
11  960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th
12  Cir. 2010).  However, the court need not accept as true legal conclusions cast in the form of
13  factual allegations, or allegations that contradict matters properly subject to judicial notice.  See
14  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State
15  Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

16  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
17  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may
18  only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
19  of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.
20  2014).  The court's liberal interpretation of a pro se complaint, however, may not supply essential
21  elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d
22  266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).  A pro se
23  litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend,
24  unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809
25  F.2d 1446, 1448 (9th Cir. 1987).

26  B.  Standing and Related Matters

27  The Article III case or controversy requirement limits federal courts' subject matter
28  jurisdiction by requiring, among other things, that plaintiffs have standing.  Chandler v. State

Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1121-22 (9th Cir. 2010) (citing Allen v. Wright, 468 U.S. 737, 750 (1984)). "[T]he irreducible constitutional minimum of standing contains three elements," which the party invoking jurisdiction must prove. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). First, plaintiff must establish that he or she personally suffered an "injury in fact," meaning an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Id. at 560 (citations, internal quotation marks, and footnote omitted). Second, the plaintiff must show that the injury is reasonably traceable to the alleged conduct of the defendant. Id. at 560-61. Finally, the plaintiff must show that a decision in his or her favor would reasonably redress the injury. Id. at 561. Because lack of standing undermines subject matter jurisdiction, the issue is properly raised in a Rule 12(b)(1) motion to dismiss. Chandler, 598 F.3d at 1122.

Defendant contends that plaintiff Arnitha Hill has no standing with respect to the Fourth Amendment claims (First and Second Cause of Action), because she was only a guest in the house that she was required to leave. ECF No. 5-1. Defendant is correct; the complaint does not allege that any listed plaintiff owned or had a property interest in the house they were removed from and prevented from reentering. ECF No. 1. In her opposition, plaintiff attempts to cure this problem by contending that plaintiffs Anthony Ganderson and Brejonna Ganderson are residents of the home in question and that remaining plaintiffs Arnitha Hill, Unique Fields, Marlo Hill, and Tiana Fields were overnight guests. ECF No. 8 at 3.

Plaintiff may not use the occasion of an opposition to a motion to dismiss to supplement the allegations in the complaint. When deciding a motion to dismiss, "a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." Schneider v. California Dep't. of Corr., 151 F.3d 1194, 1197, n.1 (9th Cir. 1998) (emphasis original). Plaintiff's complaint as drafted does not establish standing as to any Fourth Amendment claims related to the house because it does not identify any plaintiff's legally protected interest in remaining in the home. The complaint also cannot predicate liability on the alleged unlawful detention of any person other than Ms. Hill herself, because she has standing only to vindicate her own Fourth Amendment rights. Plaintiff's distress at the alleged

5

racial profiling of others is insufficient to confer standing.

The rules governing pro se litigants also prevent Arnitha Hill from pursuing claims based on injuries to others, including family members. A non-attorney may appear in pro se on his or her own behalf, but that privilege is personal and a pro se plaintiff has no authority to appear as the attorney for anyone other than himself or herself. C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987). This principle further prohibits Ms. Hill both from maintaining a claim based on alleged seizure of the house, and from maintaining a claim based on the alleged wrongful detention of Montreal Ganderson or Eric Alston.

The issues identified above may be curable by amendment. Leave to amend is discussed in further detail below.

### C. Failure to State a Claim

The complaint as currently drafted does not state a claim as to any cause of action, because no claim is based on factual allegations sufficient to support relief.

#### 1. Fourth Amendment Claims: Unreasonable Seizure (First Cause of Action) and False Arrest (Second Cause of Action)

Though defendant focuses on lack of standing and has not moved to dismiss these claims for failure to state a claim, the court will address the Fourth Amendment issues in light of the recommendation that amendment be permitted.

The court understands the first cause of action to allege unconstitutional seizure of the home at issue, and the second cause of action to allege the unconstitutional seizure of individuals detained at the scene. Both as to the house and as to the individuals, "[t]he Fourth Amendment proscribes only 'unreasonable' searches and seizures." Franklin v. Foxworth, 31 F.3d 873, 875 (9th Cir. 1994). Unreasonableness is measured by an objective test based on all of the circumstances present in a given situation: "a detention may be unreasonable in a particular instance either because the detention itself is improper or because it is carried out in an unreasonable manner." Id. at 876-76. Objective reasonableness is evaluated from the perspective of a "reasonable officer on the scene," in light of all the facts and circumstances confronting law enforcement. Torres v. City of Madera, 648 F.3d 1119, 1124 (9th Cir. 2011). Under some

circumstances, the Fourth Amendment permits as reasonable the detention of a person who is not suspected of having committed a crime—including in "emergency situations" when local law enforcement officers are acting to "keep the peace." Maxwell v. County of San Diego, 708 F.3d 1075, 1084 (9th Cir. 2013).

The complaint alleges that the "gathering of plaintiffs" was shot at, that the police responded, and that the officers "used force and intimidation" to clear the house. ECF No. 1 at 4. There are no allegations describing the force that was used; without such details it cannot be determined whether the Fourth Amendment may have been violated by the manner in which the house was "seized." The allegation that the plaintiffs were required to remain outside for "over an hour," id., also fails without more to demonstrate objective unreasonableness in relation to their alleged detention. The complaint does not specify (though it arguably implies) that plaintiffs were ordered not to leave the premises, and brief investigative detention is not inherently unreasonable in any case. As to Ms. Hill, the complaint alleges that she was "met with disapproval" when she asked to sit down, id. at 5, but does not allege that she was prevented from sitting or otherwise unreasonably treated. Accordingly, the complaint does not demonstrate that she was detained in an objectively unreasonable manner under the circumstances. The general allegation that other, unspecified plaintiffs suffered from "lower extremity and disease disabilities" and were not accommodated, id., is too vague to establish unreasonableness.

For all these reasons, the complaint as drafted does not state a claim for violation of any putative plaintiff's Fourth Amendment rights. Additional factual allegations may cure these problems, however, and leave to amend is therefore appropriate.

        2.   Monell Liability (Cause of Action Two, Three, and Four)

Defendant moves to dismiss the second, third, and fourth causes of action because the complaint does not establish municipal liability. Causes of action two, three and four are all brought pursuant to 42 U.S.C. § 1983 against the only served and appearing defendant, the City of Sacramento. There is no vicarious liability for municipalities under § 1983, meaning that a city is not legally responsible for what its officers and employees do. City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). A municipality can only be held liable under 42 U.S.C. § 1983

if "action pursuant to official policy of some nature caused a constitutional tort." Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978) (municipality may be liable when execution of a government's policy or custom inflicts the injury); Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir. 2007). A plaintiff seeking to establish Monell liability must prove both that he or she suffered a violation of a recognized federal right, and that the municipality's policy or custom caused or authorized the violation. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Liability for an improper custom may not be predicated on isolated or sporadic incidents. Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). There must be a causal link between an identifiable municipal policy or custom and the alleged constitutional deprivation. City of Canton, 489 U.S. at 385.

Here, the complaint alleges that "The City of Sacramento has a custom and practice of unfairly targeting black people with false imprisonment, discriminatory practices, and unreasonable force. The Plaintiffs were denied full and equal accommodations, and service due to their skin color and race." ECF No. 1 at 6. Plaintiff's general allegation of persistent and multi-faceted wrongdoing by the Sacramento Police Department does not support a Monell claim. The complaint does not identify a particular policy or a specific, ongoing and municipally-endorsed practice that caused the constitutional violations complained of. In short, the allegation of municipal liability is entirely conclusory and therefore fails to state a claim. See AE v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (after Iqbal, Monell claim must provide facts demonstrating existence of policy or custom, not merely assert elements of municipal liability). Plaintiff should be permitted to amend. Id. at 636-37.

        3.   Americans with Disabilities Act (Fifth Cause of Action)

Title II of the Americans with Disabilities Act ("ADA") states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, a plaintiff must show: "(1) she is an individual with a disability; (2) she is otherwise qualified to participate in or receive the benefit of a public entity's services, programs or

activities; (3) she was either excluded from participation in or denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of her disability." Sheehan v. City & County of San Francisco, 743 F.3d 1211, 1232 (9th Cir. 2014), rev'd in part, cert. dismissed in part sub nom. City & County of San Francisco, Calif. v. Sheehan, 575 U.S. 600 (2015) (ADA question dismissed upon conclusion that *certiorari* was improvidently granted, and issue not decided).

The Ninth Circuit has held that Title II of the Americans with Disabilities Act "applies broadly to police 'services, programs, or activities," including arrests. Sheehan, 743 F.3d at 1232. "Courts have recognized at least two types of Title II claims applicable to arrests: (1) wrongful arrest, where police wrongly arrest someone with a disability because they misperceive the effects of that disability as criminal activity; and (2) reasonable accommodation, where, although police properly investigate and arrest a person with a disability for a crime unrelated to that disability, they fail to reasonably accommodate the person's disability in the course of investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees." Id. The Ninth Circuit further held that "exigent circumstances inform the reasonableness analysis under the ADA, just as they inform the distinct reasonableness analysis under the Fourth Amendment." Id.

Here, the complaint makes an ADA claim along the lines of the second theory identified by the Ninth Circuit: that during the investigation, when plaintiffs were excluded from the residence at issue, their disabilities were not reasonably accommodated. The Complaint alleges Arnitha Hill and Tiana Fields are "classified as disabled" because Ms. Hill suffers from multiple leg and knee disabilities requiring use of a walker and sometimes a brace, and Ms. Fields suffers from multiple sclerosis and requires a walking cane and standing assistance. ECF No. 1 at 2. The complaint alleges plaintiffs "missed out on simple enjoyment to participate in service provided by the public entity, such as being able to walk freely and pain free and sit and or get their disability equipment from home, due to the leg, foot, and knee disabilities." ECF No. 1 at 9. The complaint alleges denial of "full and equal access to services while being imprisoned due to

disability" and that plaintiffs were "discriminated against by the defendants." Id. at 9-10. In the facts section, the complaint alleges that plaintiff Hill asked several times if she could sit down or go to her vehicle because of her disabilities and was met "with disapproval." Id. at 5.

The complaint does not state a claim under Title II of the ADA. Even assuming that the disabled plaintiffs were temporarily detained during the initial police response to the shooting, the allegations do not demonstrate discrimination. The disabled plaintiffs were apparently treated the same as non-disabled plaintiffs in being required to vacate the house and then (presumably) being required to remain on the premises. The complaint does not identify any specific service or opportunity that the disabled plaintiffs were denied access to. Although the complaint states that the listed plaintiffs were met "with disapproval" when they asked to re-enter the home or sit down, nowhere does it allege that plaintiffs were actually prevented from sitting down or resting while waiting outside the house. ECF No. 1 at 5. Accordingly, the allegations fail to state a claim for relief under the ADA.

        4. State Law Claims

Plaintiff's remaining causes of action are state law claims. ECF No. 1 at 9-14. If plaintiffs are able to maintain at least one claim based on federal law, then this court may exercise supplemental jurisdiction over their state law claims. 28 U.S.C. § 1367(a). However, if plaintiffs' federal civil rights claims are ultimately dismissed with prejudice, the court need not retain jurisdiction over those claims. See Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001). Because leave to amend the federal claims is being recommended, the court will address the sufficiency of plaintiff's state law claims as pled.

        a. Unruh Act (Sixth Cause of Action)

The Unruh Act provides in part that "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act also provides that a violation of the federal ADA constitutes a violation of § 51 of the Unruh Act. Id. at § 51(f). Plaintiff's Unruh Act claim fails for the same reasons as her ADA claim.

        b.   <u>Seventh Cause of Action</u>

Plaintiff's Seventh Cause of Action references the U.S. Constitution, the California Constitution, and several California statutory provisions including the Bane Act; it states that defendants "acted with intent to, seize the home, imprison the plaintiffs, discriminate against them due to race and disabilities, and inflict horror and dismay to watch Eric Alston suffer due to hand and wrist pain while falsely imprisoned." ECF No. 1 at 11. Defendant moves to dismiss this claim as so unclear that it cannot formulate a response. The court agrees that this cause of action is not cognizable because it does not clearly specify its factual or legal basis, and therefore does not comply with Rule 8 of the Federal Rules of Civil Procedure.

It appears to the undersigned that plaintiffs are most likely intending to rely on California Civil Code § 52.1, also known as the Tom Bane Civil Rights Act (Bane Act), for their cause of action and Articles 1, 7 and 13 of the California Constitution as the source of the substantive rights at issue. <u>See</u> ECF No. 1 at 11, ¶ 49. In order to state a claim under the Bane Act, "[a] plaintiff must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." <u>Allen v. City of Sacramento</u>, 234 Cal. App. 4th 41, 67 (2015) (citations omitted). The bare invocation of the statute and incorporation by reference of all allegations in the complaint is insufficient to state a claim. Plaintiffs must specify what rights of which plaintiffs were interfered with by which defendants, and must allege specific facts as to each such instance showing that the interference was accomplished by threats, intimidation or coercion.

        c.   <u>Unlawful Imprisonment (Eighth Cause of Action)</u>

The facts alleged in the complaint do not state a claim for false imprisonment under California law. False imprisonment is the "unlawful violation of the personal liberty of another." <u>Asgari v. City of Los Angeles</u>, 15 Cal.4th 744, 757 (1997). The elements of an unlawful imprisonment tort claim are (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief. <u>Blaxland v. Commonwealth Dir. of Pub. Prosecutions</u>, 323 F.3d 1198, 1205 (9th Cir. 2003). Here, the complaint does not include facts to support that the listed plaintiffs were in fact confined (as

11

opposed to simply excluded from the property under investigation), that their detention if any was unlawful, or that the detention was for an appreciable period of time.

          d.   <u>Negligent Infliction of Emotional Distress (Ninth Cause of Action)</u>

Plaintiff's complaint does not state a claim for Negligent Infliction of Emotional Distress. NIED is a form of the tort of negligence; plaintiff must demonstrate facts satisfying the elements of duty, breach of duty, causation, and damages. See <u>Huggins v. Longs Drug Stores California, Inc.</u>, 6 Cal.4th 124, 129 (1993). In California "there is no independent tort of negligent infliction of emotional distress;" rather, "[t]he tort is negligence, a cause of action in which a duty to the plaintiff is an essential element." <u>Potter v. Firestone Tire & Rubber Co.</u>, 6 Cal.4th 965, 984 (1993). The existence of a duty is a question of law. <u>Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.</u>, 48 Cal.3d 583, 588 (1989). The elements of a cause of action for negligent infliction of emotional distress are: "(1) the defendant engaged in negligent conduct; (2) the plaintiff suffered serious emotional distress; and (3) the defendants' negligent conduct was a cause of the serious emotional distress." <u>Butler-Rupp v. Lourdeaux</u>, 134 Cal. App. 4th 1220, 1226 n.1 (2005).

There are two forms of NIED claims: "bystander" cases and "direct victim" cases. <u>Wooden v. Raveling</u>, 61 Cal.App.4th 1035, 1037 (1998). "The distinction between the 'bystander' and the 'direct victim' cases is found in the source of the duty owed by the defendant to the plaintiff." <u>Burgess v. Superior Court</u>, 2 Cal.4th 1064, 1072 (1992). "Bystander" claims are typically based on breach of a duty owed to the public in general. <u>Christensen v. Superior Court</u>, 54 Cal.3d 868, 884 (1991). "[B]ystander liability is premised upon defendant's violation of a duty not to negligently cause emotional distress to people who observe conduct which causes harm to another." <u>Burgess</u>, 2 Cal.4th at 1073. To recover damages as a bystander, a plaintiff must demonstrate he or she is "(1) is closely related to the injury victim; (2) is present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress—a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances." <u>Thing v. La Chusa</u>, 48 Cal. 3d 644, 667–68 (1989).

Here, the complaint alleges that defendant owed a special duty to Eric Alston, who is not a

plaintiff in this case, and that defendant was negligent as to Alston by not seeking medical care for him for his wrist injuries when he was detained and handcuffed. ECF No. 1 at 12. Alston subsequently went to the Emergency Room when his wrist was stabilized with a splint. Id. Plaintiff alleges Alston is a "close relative" and that defendant's "conduct was the cause of serious emotional distress for the plaintiffs." Id. at 13. The conclusory statement that plaintiffs suffered "serious emotional distress" is not sufficient to survive a motion to dismiss.

### III. Non-Appearing Defendants

The court notes that the motion to dismiss was brought on behalf of the City of Sacramento only. The remaining defendants are individual officers who have not appeared and do not appear to have been served. See ECF No. 4 (affidavit of service). Nonetheless, where, as here, the non-appearing defendants are equally entitled to dismissal on the merits, the court is empowered to dismiss the claims against them on the same grounds as the against the City. See Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742 (9th Cir. 2008) (affirming district court's dismissal with prejudice of case against non-appearing defendants where the non-appearing defendants were similarly situated to appearing defendants and appearing defendants were entitled to dismissal with prejudice). Plaintiff does not allege any facts regarding any of the individual officers. For this reason, as well as for all the reasons explained above, the complaint fails to state a claim against any individual defendant. This defect may also be remedied by amendment.

### IV. Leave to Amend

Where the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).

Here, the court finds that the listed plaintiffs, or some of them, may be able to allege facts supportive of cognizable claims. Accordingly, plaintiff should be given an opportunity to amend the complaint. The amended complaint must be signed by each plaintiff and contain a short and plain statement of plaintiffs' claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4 200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiffs must avoid excessive repetition of the same allegations. Plaintiffs must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how each of the defendants legally wronged the plaintiffs.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180.

Also, the amended complaint must not refer to a prior pleading to make the amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556 57 (2d

ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V.  Serving the Amended Complaint

Federal Rule of Civil Procedure 4 explains the requirements of service of process.  To initiate a lawsuit, *each* defendant must be served with a summons, received from the Clerk of Court, along with a copy of the complaint.  Service must be completed within 90 days.  Fed. R. Civ. P. 4(m).  Once service on each defendant is completed, proof of service must be filed with the court.  Fed. R. Civ. P. 4(l).

## VI.  Pro Se Plaintiff's Summary

The magistrate judge is recommending to the district judge that the City's motion to dismiss be granted, but that you be given a chance to amend the complaint.  You can object to this recommendation.  If the recommendation is adopted, you will have 30 days from the date of the district judge's order to file an amended complaint.  Each plaintiff must sign an amended complaint, and it should fix the problems described in these findings and recommendations.  The amended complaint must be served, along with a summons, on each defendant.

Remember the following as you prepare an amended complaint:  Each claim must specify which defendant(s) did what to violate the rights of which plaintiff(s).  As to each claim, you must allege facts that address each element of the claim.  For example, any claim that the Fourth Amendment was violated must include specific facts showing what was objectively unreasonable about the officers' actions under the circumstances.  Describe any force used.  As another example, the ADA claim must specify what accommodations were requested and denied.  And any Monell claims against the City need to identify what specific policy or custom of the City or its Police Department caused the violation of plaintiffs' rights.

## VII.  Conclusion

Accordingly, the undersigned recommends as follows:

1. That the motion to dismiss at ECF No. 5 be GRANTED; and
2. That the complaint (ECF No. 1) be DISMISSED with leave to file an amended to complaint within 30 days of adoption of these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: December 19, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

16